The points in controversy are sufficiently stated in the following opin*ons °f the judges, pronounced seriatim.
Judge Coalter.
A point has arisen, in the consider ration of this case, which was not noticed by the bar, but on account of whicn, as at present advised, it appears to me this appeal must be dismissed, as being improvident-j allowed. I shall be willing, however, to hear the parties on this point, if their counsel, on consideration, 1 desire it.
This suit, which is an action of assault, battery, and false imprisonment, is brought by the plaintiff against e*even defendants. The proceedings which were had in the office are not in the record; nor is the writ, or the , «it return thereupon. ‘ The record begins with the declaratjoi^ which was filed in October, 1801. ^
The next steps given us are the proceedings had in Court, at September term, 1802, when the plaintiff enters a nolle prosequi as to the defendant, Triplet; and at the same time the other defendants, “ except John Black, ” set aside the office judgment as to thefrt, (from which it would see pi inferrable that there was also an office judgment as to some one else,) and plead not guilty, &c. ; upon which the trial was had, at the same term, from the . . , , , ... judgment m which-the appeal is taken.
*459 Whether there was an office judgment against Black, or not, does not certainly appear; but the suit is neither abated nor dismissed as to him.
If there was an office judgment cud writ of inquiry as to him, the same jury ought to lu-r-.' b.c-b charged to inquire of the damages, which might have been satisfactory to the appellant,(a) which he might have taken judgmeat for ; and unless he had taken it with a cessat executio, or in some other way, so as to leave open his election until the event of the appeal, and Óf a future trial, as to the other defendants, (should that be the consequence,) was known, the election to take the damages against Black (as he can have but one final judgment in this action) would have justified. I apprehend, a judgment for the other defendants, whatever might be the opinion of the Court as to the points arising out of the exceptions. This writ of inquiry may have been since executed, or an office judgment and writ of inquiry may since have been obtained and executed as to Black; and, at all events, at the time of this appeal, a part of the cause was still depending in the Court below, the proceedings in, which might have an important effect on this judgment, so as, in fact, to justify its affirmance ; and, therefore, it appears to me there has not been such final judgment in the case as to justify the appeal, and that it must consequently be dismissed as improvidentiy granted.
The cause taking this course; it might seem unnecessary to say any thing on the points arising out of the exceptions, as the case may again come back upon the same record, when final proceedings are had as to the other defendant; and any opinion now given tvould not, then, be obligatory, and would readily be departed from, if, upon further consideration, 1 should be dissatisfied with it. As, however, it may be some guide to the parties, and perhaps prevent, future litigation between them, and the other judges thinking theré v/oüld be no impropriety in doing so, I have no objections, briefly, to state my present impressions on those points.
*460 Edward Jackson having made oath before Hedgman Triplet, a justice of the peace for Harrison county, that he had just cause, from their threats, to fear that — ■— Wallas, of Brooke county, lawyer, ....... Wells, of said pounty, yeoman, and their associates, would burn his house, or beat and abuse his person, the said Triplet issued his warrant against them, by the above descriptions, to cause them to be brought before him to find sureties, &c., in the usual form.
■This warrant had been originally directed by the magistrate to John M'Cully, constable, or Major John Jackson, to execute ; but the prosecutor, without the. knowledge of the magistrate, or Black, struck out the name of Jackson, and inserted that of Black, so that it stood directed to the constable, or Major John Black, to execute. The latter, taking with him the other defendants to assist in the execution, proceeded to execute it on ——~ Wallas, lawyer, of Brooke county,........ Wells, of said county, yeoman, and their associates, Stephen Gap-pin, of‘the state of Pennsylvania, and---Wells, in said county, (Harrison, I presume, that being the county .mentioned in the caption of the commitment in which they are thus described,) who are brought before the said Triplet, on the same day in zvhich the warrant issued, at which time the substitution of Black was made known to the magistrate, who said it would do as well; and thereupon the said Triplet, “ after examination,” (and they failing to find sureties,) committed them to jail by the above descriptions and names. William Wells, one of these persons, (and, I presume, Wells, oí Brooke county, as in his exception he does not state himself to have been arrested under the term associates,) brings this action. The warrant, &c. are permitted, by agreement, to be given in evidence, and to have the same effect as if pleaded ; and the Court instruct the jury as to the substitution of Black, which seems to have been the main objection relied on, that, if the defendants were ignorant of that circumstance, the warrant, as to them, was not void, *461 but justified the arrest. The jury found for the defendants, and an appeal was taken. '
Two objections are taken to the warrant, as furnishing u complete justification, it being properly conceded that kt was admissible in mitigation of damages,
1st. That Black could not be substituted by the prosecutor, or any other person than the magistrate, to execute it, in lieu of those to whom he directed it.
My impressions are, that this objection is sustainable ;(a) and had we jurisdiction of the case, as at present advised, I should be for reversing the'judgment, on that ground, and sending the cause back for a new trial, with direction that the warrant, under these circumstances, was not a complete justification, but only proper in mitigation of damages.
2d. The second objection is, that the warrant was general, and therefore void.
First, That it is uncertain and general as to every person.
Secondly, That it is so, at all events, as to the associates ; and that part of it being uncertain, the whole is void; and that it would, therefore, not justify an arrest, even of those well described.
Thirdly, That, if void for either of these reasons, it is no justification for the arrest, even of the persons really complained of, and of whom sureties were demandable.
These are important questions; and, were I now pronouncing a final decision upon them, I would give them a farther consideration and discussion than 1 think it necessary to give under present circumstances.
As to the first, considering the plaintiff to be Wells, of Brooke county, and believing that a warrant is good, and will justify the arrest of an offender, who is described with reasonable certainty,(b) although his name is not known, and that this certainty will be more or less apparent from the circumstances attending the transaction, and stated in the warrant; 1 can readily suppose, that when two persons, of another county* are found in the *462 county of Harrison, associated with others in threats, and an intention to violate the peace on an individual, they might be described, with reasonable certainty,in the terms of this warrant; and when this is combined with the fact, that the persons so arrested not only answered this description, but, “ on examination,” were found to be the persons really complained of, I think the warrant sufficiently certain and special as to them. No description, even by name, is absolutely certain, as there may be others of the same name; its sufficiency, too, may frequently depend on matter aliunde. A warrant to take the printers and publishers of the North Briton, that being a secret transaction, was uncertain; whereas a warrant to take the printers and publishers of the Virginia Argus and Enquirer might not. It may, perhaps, be too strict, where a description is given, to test its sufficiency by any abstract rule, where it also appears that the officer, without difficulty, made the arrest of the real parties complained of, and answering to the description given of them in the warrant. Better evidence, that they were well described, could hardly be expected.
As to the associates, that term, to-day, when the parties are together, may be sufficiently certain; whereas, to-morrow, and when they are separated, it would no longer be so. This warrant was executed on the same day it was issued; and these persons, “ on examination,” also answered to that description, and were found to be the parties really complained of. As to this point, therefore, (though I have greater doubts than as to the first,) I incline to think the warrant may have been sufficiently certain; but were this otherwise, and I am correct as to the first,
3dly. Would this .uncertainty vitiate the whole warrant?
All the persons concerned in the same offence cannot, at all times, be named, or fully described; although some of them may. If, therefore, a warrant issues, naming, or sufficiently describing, some of the persons accused, *463 but which, as to others, is too uncertain to direct the officer, and which part it would be his duty, therefore, not to 'proceed to execute J I think he would, nevertheless, be bound to execute it on those sufficiently named, or dc -.ertbed, and that it would be a pattjjck'on, as to them, .for-such act of arrest.
But if a person is really guilty offa¡ fei.my, or breach of the peace,(a) and cannot be, or is not, sufficiently described m the warrant issued to arrest him, insomuch that the officer would be justified in not proceeding to execute it on any one; yet if he knows the person to be guilty, or, from other information, proceeds to execute it at his peril, and in fact executes it on the guilty parly; Í incline to think it will not lie in his mouth to say that he is not sufficiently described, when the warrant is to apprehend the person guilty of that offence, and he is that person. My impressions are, from the arguments, both of the bar and bench, in the case of Money v. Leach, that if the latter had really been the printer and publisher of the North Briton, the warrant would have been considered a justification of his arrest. In this case, these persons, when brought before the magistrate, “ on examination,” were committed as the persons against whom sureties of the peace were required.
If, therefore, we had jurisdiction of the case, and the first objection to the warrant had not existed, as at present advised, I should be for affirming the judgment.

 1 H. & M. 488. 2 H. & M. 40. 1 Saund. 207., note (2.) 6 Term Rep. 199. 3 Tucker's Bl. Appendix, 48.

 2 Wilson, 47. Burslem v. Fern.

 3 Burr. 1744. Money, &c. v. Leach.

 3 Burr. 1761. Ibid. 1765.